ItPER CURIAM. *
On December 12, 1987, this court disbarred petitioner, Alfred C. Williams of Baton Rouge, Louisiana, from the practice of law for multiple incidents of neglect of legal matters and conversion of client funds.[1] Louisiana State Bar Association v. Williams, 516 So.2d 119 (La.1987). Petitioner now seeks readmission, alleging he has complied with all requirements set forth in Supreme Court Rule XIX, § 24(E).
HEARING COMMITTEE
On October 23, 1996, the hearing committee conducted a formal hearing, where several of petitioner’s former clients, testified regarding their complaints and petitioner’s failure to make any efforts at restitution. Petitioner testified regarding his inability to make any restitution due to the financial hardship he suffered during his substance abuse recovery.[2] He alleged he supported his three daughters and ex-wife and filed for bankruptcy in 1992. He claimed he incurred other debts, which caused financial problems when his salary was subjected to periodic garnishments in 1996. As to his competency to practice law, petitioner testified that he did unpaid law clerk research for local attorneys in 1995. He also asserted he did not have the financial means to take any continuing legal education (“CLE”)_|courses, but made several visits on Saturday mornings to the Paul M. Hebert Law Center’s library to read new case law.
Subsequently, the hearing committee rendered its report. The committee expressed “grave concerns” over petitioner’s failure to make restitution to his clients and failure to remain current in the law. Nonetheless, the committee concluded petitioner’s significant contribution to the community demonstrated a great potential for further service as a lawyer, constituting good and sufficient reason why he should nevertheless be readmitted. In recommending readmission, the committee proposed as safeguards a two year period of supervised probation, additional legal education, a restitution plan and abstention from the use of alcohol and drugs.[3]
DISCIPLINARY BOARD
On December 19, 1997, the disciplinary board issued an order stating the petitioner’s application was satisfactory in all respects, except for his payment of restitution. Thus, it remanded the application to the Office of Disciplinary Counsel (“ODC”) for formulation of a five year plan of restitution agreeable to the petitioner, ODC and the complainants.
*399 On June 1, 1998, petitioner and the ODC reached an agreement regarding each of the ten complainants that were owed [¿funds.[4] Accordingly, the matter was again presented the disciplinary board.[5]
On August 10, 1998, the disciplinary board rendered its recommendation concurring in the findings of the committee that the “absence of restitution reflects poorly upon [petitioner’s] integrity and remorse.” However, relying on Louisiana State Bar Association v. Alker, 530 So.2d 1138 (La.1988), the disciplinary board recognized that every lawyer may not realistically be able to make restitution. It noted the court held that “[w]hile the making of, or the failure to make, restitution is a matter for serious consideration by the court on an application for reinstatement to the bar, the weight of authority does not make it the controlling consideration.”
Therefore, the board recommended petitioner be readmitted subject to a two year period of probation with conditions similar to those proposed by the hearing committee. Further, the board also appointed a probation monitor and recommended that petitioner enter into a recovery agreement with the Lawyer’s Assistance Program (“LAP”).[6]
^Neither party filed an objection to the disciplinary board’s recommendation.
DISCUSSION
As recognized by both the hearing committee and disciplinary board, petitioner’s failure to make any restitution to his former clients over a period of more than ten years is disturbing. However, at the board’s direction, petitioner has now entered into a restitution plan that is satisfactory to the complainants.
The hearing committee and disciplinary board also expressed concern over petitioner’s failure to keep current in the law during *400 his period of disbarment. While we strongly encourage petitioner to reacquaint himself with the law prior to engaging in practice, we feel the conditions recommended by the board are adequate in this regard.
Accordingly, we conclude petitioner is entitled to conditional readmission, with a two year period of probation, subject to the conditions set forth in the disciplinary board’s recommendation.
_jjDECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and the record filed herein, it is the decision of the court that the disciplinary board’s recommendation be adopted.
Accordingly, it is ordered that petitioner, Alfred C. Williams, be conditionally readmitted to the practice of law in the State of Louisiana, with a two year period of probation subject to the conditions set forth in the disciplinary board’s recommendation. All costs of these proceedings are assessed to petitioner.

 Marcus, J. not on panel. Rule IV, Part 2, § 3.

. The petitioner's disbarment stemmed from his voluntary relinquishment of his bar license when thirteen disciplinary complaints were filed against him alleging professional misconduct. Substance abuse was the primary cause of the misconduct.

. During the period of his disbarment, the petitioner only made restitution to Kenneth Lawrence, a former client who instituted formal charges against the petitioner. Petitioner made restitution in the amount of $2,000 on a $3,000 claim.

. Specifically, the committee proposed the following conditions to readmission:
(1) A probation period of two years during which time he must:
(a) complete a comprehensive CLE course of study of at least 100 hours or a bar examination review course (in addition to the mandatory fifteen hours per year); and
(b) submit to binding arbitration of the issue of restitution (persons entitled, amounts owed, and terms of payment, with the injured persons' interests represented by disciplinary counsel, should they so desire); and
(2) Appointment of a monitoring lawyer to supervise:
(a) compliance with CLE and restitution requirements;
(b) his practice (for compliance with trust account rules, accounting procedures, or office management procedures); and
(c) his continued abstention from the use of drugs or alcohol.

.With assistance of the complainants, the petitioner formulated the following restitution plan:
Name Amount Due Payment
Josephine Robinson $ 2,500 $ 100/quarter (3 months)
Dr. Thomas Plantz 2.500 100/quarter
Ida Mae Franklin 400 50/quarter
Clark Morgan 1,400 75/quarter
William Stepp 5,000 100/quarter
Susie Covington 200 50/quarter
Ñola B. Livingston 400 50/quarter
Kenneth Lawrence 1,900 100/quarter
Alex Gremillion 3.500 100/quarter
Willie Mae Thomas 40,000 100/month
TOTAL DUE $55,800 $ 1,025/quarter

. The ODC noted that while that the plan by petitioner was "the best that [petitioner] is willing and perhaps able to make,” it still opposed readmission and requested the matter be remanded to the hearing committee to "fully explore and evaluate” petitioner’s commitment to his plan of restitution and whether it was sound or workable.

. Specifically, the disciplinary board proposed the following conditions to readmission:
(1) Petitioner shall complete a comprehensive CLE course of study of at least 100 hours or a bar examination review course (in addition to the mandatory fifteen hours per year);
(2) Payments shall commence immediately under the restitution plan described above with the following modification added to the equation: Petitioner will pay 50 percent of the net proceeds of his law practice to restitution, in addition to the specified quarterly amounts to each client, and if he grosses over $50,000 in fees in any one year, he will pay 100 percent of the amount over $50,000 in restitution until restitution is paid in full;
(3) Petitioner shall make timely payments of restitution to each of the former clients;
(4) Active monitoring shall be conducted by attorney Edmond Wade Shows, who would supervise petitioner’s compliance with the CLE or bar review requirement, compliance with the restitution requirement and petitioner’s legal practice;
(5) Petitioner shall enter into a recovery agreement with the Lawyer's Assistance Program who will provide a monitor to supervise his continued abstinence from the use of alcohol and drugs; and
(6) Petitioner is assessed with all proceeding costs.